Louis Pechman
Laura Rodriguez
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff, the FLSA Collective,
& the Rule 23 Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EMILY HILLIARD, on behalf of herself and all
others similarly situated,

        Plaintiff,

   -against-

ICHICA BACHICA, INC. d/b/a 1 OR 8 and
SHINJI MIZUTANI,
        Defendants.
-----------------------------------------------------------------X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Emily Hilliard ("Plaintiff" or "Hilliard"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, complaining of defendants Ichica Bachica, Inc. d/b/a 1 or 8 ("1 or 8"), and Shinji Mizutani (collectively referred to herein as "Defendants"), alleges:

## NATURE OF THE ACTION

1. 1 or 8, a Japanese restaurant and full sushi bar in Williamsburg, Brooklyn is a self-described "Atelier of Food." Defendants failed to pay Hilliard and other servers at the restaurant for all the hours they worked, instead shaving time from their paystubs and requiring them to continue working, unpaid, after the end of scheduled shifts. The restaurant also paid 1 or 8 waitstaff at the "tipped" minimum wage without satisfying the strict requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Moreover, the restaurant imposed an unlawful tip

pool upon the waitstaff that required them to pay a share of their gratuities to Shinji Mizutani, the owner of the restaurant. In addition, 1 or 8 failed to furnish the waitstaff with annual wage notices and accurate weekly wage statements.

2. Plaintiff and similarly situated non-exempt workers seek compensation for unpaid minimum wages, misappropriated gratuities, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL § 190, *et seq.*

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as 1 or 8 is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Emily Hilliard resides in Brooklyn, New York.

6. Defendants employed Hilliard as a bartender and waitress from in or about September 2016 to November 12, 2016.

**Defendants**

7. Defendant Ichica Bachica, Inc. is a New York corporation that owns and operates 1 or 8, a restaurant located at 66 South 2nd Street, Brooklyn, New York 11249.

8. 1 or 8 opened for business in approximately February 2010.

9. Ichica Bachica, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

2

10. Ichica Bachica, Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Ichica Bachica, Inc. has an annual gross volume of sales in excess of $500,000.

12. Defendant Shinji Mizutani ("Mizutani") is the owner of 1 or 8.

13. Mizutani exercises sufficient control over 1 or 8's operations to be considered Plaintiff's employer under the FLSA and NYLL.

14. Mizutani has power over personnel decisions at 1 or 8, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

15. For example, Mizutani hired Plaintiff.

16. Since the restaurant opened in February 2010, Mizutani has managed the day-to-day operations of 1 or 8.

## COLLECTIVE ACTION ALLEGATIONS

17. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and similarly situated persons who are current and former bussers, servers, bartenders and runners (*i.e.* "waitstaff") of 1 or 8 since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

18. The FLSA Collective consists of approximately thirty similarly situated current and former waitstaff of 1 or 8 who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages and other unpaid wages.

3

19. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia,* the following:

    a. failing to pay non-exempt employees the statutory minimum wage for all hours worked;

    b. failing to provide non-exempt employees with adequate notice of payment of the reduced minimum wage; and

    c. failing to keep full and accurate records of all hours worked by employees as required by the FLSA and NYLL.

20. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

21. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff and the FLSA Collective.

22. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to 1 or 8, are readily identifiable, and locatable through 1 or 8's records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

23. The claims in this Complaint arising out of the NYLL are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class consisting of all similarly situated non-exempt employees: servers, bartenders, bussers, and runners (*i.e.* "waitstaff") who work or have worked at 1 or 8 at any time in the past six years (the "Rule 23 Class").

24. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

25. The size of the Rule 23 Class is at least one hundred (100) individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

26. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

27. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia,* the following:

   a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 137 and 146, as alleged herein;

   b. whether Defendants failed to pay non-exempt employees the statutory minimum wage for all hours worked;

   c. whether Defendants misappropriated and illegally retained tips and gratuities that were intended for and earned by non-exempt employees;

   d. whether Defendants failed to provide non-exempt employees with accurate written notice of wages as required by the NYLL and Wage Theft Prevention Act;

   e. whether Defendants failed to furnish the New York Rule 23 Class with wage notices;

   f. whether Defendants required the New York Rule 23 Class to perform off-the-clock work; and

   g. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

28. Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for

Defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid at the correct minimum wage for all hours worked and to keep the gratuities they earn. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

29. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

30. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

31. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

32. There is no conflict between Plaintiff and the Rule 23 Class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

34. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## PLAINTIFF'S FACTUAL ALLEGATIONS

35. 1 or 8 is open six days per week. The restaurant's listed hours of operation are Tuesday to Thursday, 6:00 p.m. to 11:00 p.m., Friday and Saturday, 6:00 p.m. to 12:00 a.m., and Sunday, 5:00 p.m. to 10:00 p.m.

36. During her employment, Hilliard worked at 1 or 8 five days per week. Hilliard typically worked on Wednesday from approximately 7:00 p.m. to approximately 10:00 p.m., Thursday from approximately 7:00 p.m. to approximately 11:30 p.m., Friday from approximately 7:00 p.m. to approximately 12:30 a.m., Saturday from approximately 7:00 p.m. to approximately 11:00 p.m., and Sunday from approximately 4:00 p.m. to approximately 10:00 p.m., totaling approximately twenty-three hours per week. On occasion, Hilliard worked up to two additional hours beyond 1 or 8's listed closing time on Friday and Saturday nights.

37. Defendants pay the waitstaff at the tipped minimum wage of $7.50 per hour, rather than the full minimum wage, which is currently $11.00 per hour, because 1 or 8 is located in New York City and employs more than 11 employees.

38. 1 or 8 has an electronic time-keeping system, but all employees are only allowed to punch in, not to punch out.

39. Defendants create a weekly written schedule listing the shifts to be worked by the waitstaff. The employees are only paid for the hours on the written schedule, as per Defendants' estimate of the length of the shift, not the actual length of time worked each day.

40. For example, on Friday, November 11, 2016, Plaintiff was paid for a shift spanning from 7:00 p.m. to 12:00 a.m. However, Plaintiff continued working off the clock until at least 1:30 a.m. that night.

41. Employees are also expected to arrive at least 15 minutes prior to the start of their scheduled shift, but are not paid for this time.

42. Defendants' weekly time records as indicated on all of Plaintiff's checks are inaccurate and do not reflect the hours Plaintiff actually worked.

43. As a result of this regular pattern of time shaving, Defendants regularly shaved at least one hour of compensable time from Plaintiff's pay each week.

44. Defendants also required Hilliard to undergo a training session of three days for approximately ten hours each day at the commencement of her employment in September 2016. Plaintiff received no pay for attending this mandatory training.

45. Defendants require all non-exempt employees to complete training sessions without compensation.

46. Mizutani, 1 or 8's owner, unlawfully required the servers to share tips with him, despite the fact that owners are not allowed to receive tips under the FLSA and/or the NYLL.

47. Mizutani told waistaff that he had to take tips in order to "make ends meet."

48. Mizutani calculated the tip pool distribution each night. He always kept a portion of the tips for himself but never discussed the percentage retained.

49. Mizutani should not have received *any* share from the tip pool inasmuch as he is an "employer" within the meaning of the FLSA and NYLL who has the power to schedule and discipline employees, and he performed only *de minimis* table service for customers.

50. Mizutani's skimming of the tips of the waitstaff violates Section 196(d) of the NYLL, which provides that an employer cannot accept "any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

51. Because Mizutani unlawfully retained a portion of Plaintiff's tips, Defendants are not entitled to reduce the minimum wages of Plaintiff and the other waitstaff employed at the restaurant by applying the tip-credit allowance that is sometimes available under the FLSA and the NYLL.

52. Defendants improperly applied the tip credit to Plaintiff & the waitstaff's wages because they failed to provide lawful notice in regard to the tip credit and established an illegal tip-pooling scheme at the restaurant. As such, they deprived Plaintiff and the waitstaff of their statutory minimum wages under the FLSA and the NYLL.

53. Defendants did not furnish Hilliard and the waitstaff with wage notices at the time of hiring or following a change to their rate of pay.

54. Defendants did not give accurate weekly wage statements to Hilliard and the waitstaff.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

55. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

56. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff and the FLSA Collective.

57. Defendants were required to pay to Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

58. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because:

    a. Defendants were required to, but failed to, inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

    b. Defendants imposed an unlawful tip pool on Plaintiff and the FLSA Collective by requiring them to share tips with a non-tipped owner.

59. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

60. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

61. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

62. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

63. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations, and employed Plaintiff and the Rule 23 Class.

64. Defendants failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL.

65. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum hourly wages.

66. As a result of Defendants' violations of the NYLL, Plaintiff and the other members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(New York Labor Law – Misappropriation of Gratuities)**

67. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

68. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the other members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

69. Defendants required Plaintiff and the members of the Rule 23 Class to share a portion of the gratuities they received with employees other than bussers, servers, or similar employees, in violation of NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

70. By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities received by Plaintiff and the other members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' willful violations of the NYLL, Plaintiff and the other members of the Rule 23 Class are entitled to recover from Defendants, their unpaid

gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Failure to Provide Proper Annual Wage Notices)

72. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

73. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYDOL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

74. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

75. In violation of NYLL § 191, Defendants failed to furnish to Plaintiff and the Rule 23 Class at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

76. Due to Defendants' violation of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### FIFTH CLAIM
### (New York Labor Law – Failure to Provide Wage Statements)

77. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

78. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

79. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and the Rule 23 Class without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; or net wages.

80. Defendants failed to furnish Plaintiff and the Rule 23 Class with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; or net wages, in violation of the NYLL § 195(3).

81. Due to Defendants' violation of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $250 per workday

that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court enter a judgment:

    a.    certifying this case as a class action pursuant to CPLR §§ 901 and 902 for the class of employees described herein, certification of Plaintiff as the class representative, and designation of Plaintiff's counsel as Class Counsel;

    b.    authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by Defendants during the three years immediately preceding the filing of this action, up through and including the date of this Court's issuance of court-supervised notice, at 1 or 8. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    c.    declaring that Defendants have violated the minimum wage provisions of the FLSA and the NYLL;

    d.    declaring that Defendants misappropriated gratuities in violation of the NYLL and the New York State Department of Labor Regulations;

    e.    declaring that Defendants violated the notice provisions of the Wage Theft Prevention Act;

    f.    declaring that Defendants' violations of the FLSA and NYLL were willful;

    g.    enjoining future violations of the FLSA and NYLL;

    h.    awarding Plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid minimum wages;

i. awarding Plaintiff and the Rule 23 Class damages for misappropriated gratuities;

j. awarding Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

k. awarding Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

l. awarding Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

m. awarding Plaintiff, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and the NYLL;

n. awarding Plaintiff, the FLSA Collective, and the Rule 23 class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

[CONTINUED ON NEXT PAGE]

o. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 22, 2017

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Laura Rodriguez
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff, the FLSA Collective, & the Rule 23 Class*